SHEPHERD v. UNITED STATES.

No. 3941.

United States Court of Appeals
Tenth Circuit.

Nov. 12, 1949.

Appellant pro se.

Lester Luther, United States Attorney, V. J. Bowersock, Assistant United States Attorney, Malcolm Miller, Assistant United States Attorney, Topeka, Kan., were on the brief for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and RICE, District Judge.

RICE, District Judge.

Appellant was indicted in the United States District Court of Kansas for alleged violations of 18 U.S.C.A. § 76 [now § 912] (falsely pretending to be a United States Officer). Count one charges that appellant with intent to defraud one E. M. Steven of Wichita, Kansas, falsely pretending to be a Commander in the United States Navy; count two charges that under such pretended character appellant demanded and obtained from the said Steven the sum of $25; count three is identical to count one, except one Eva Bankston of Wichita is the person it is alleged appellant intended to defraud; and, count four alleges the taking of $50 from Eva Bankston under the pretension of being a Commander in the United States Navy. Appellant entered a plea of not guilty to each of the counts. On trial the Government dismissed count two; the jury returned a verdict of not guilty on count one and a verdict of guilty on counts three and four.

A sentence of three years on counts three and four was imposed, but later reduced by the trial court to two years on each count, or a total of four years.

On appeal from the judgment of conviction it is contended (1) that the trial court erred in not sustaining appellant's motion to strike count one; (2) that the verdict is based upon insufficient evidence; and (3) that he was denied bail, the right of witnesses in his behalf and was tried by a prejudiced court, all of which amounted to a denial of due process.

At the conclusion of the Government's evidence the court denied appellant's motion to dismiss count one on the grounds that the Government had failed to prove the charge therein. It is not quite clear from appellant's brief pro se just why in the face of an acquittal he now complains of the trial court's refusal to dismiss the count. The jury acquitted him, and there is now no issue as to count one.

Appellant's criticism of the evidence upon which he was convicted is leveled mainly at what he contends is the failure of the Government to prove that he was wearing a navy commander's uniform. The Act does not make the wearing of the uniform of the impersonated officer an essential element of the offenses charged. The gist of offenses condemned under the statute is the falsely assuming or pretending to be an officer or an employee of the United States, and the taking of a thing of value in such pretended character. There is sufficient evidence from which the jury could find that appellant assumed and pretended to be a Navy Commander and under such pretension induced Mrs. Bankston to cash his check for $50, and its findings are conclusive here.

Although the record shows that appellant remained in custody from the date of arrest until the date of trial, such custody was not the result of denial of bail—the trial court fixed his bond at $2,500. On arraignment the court advised appellant of his right to counsel and although appellant waived counsel and stated that he wished to defend himself, the

940

court appointed a member of the bar to assist him; a change of venue was granted; the United States Attorney was ordered to procure requested witnesses at Government expense, and on the date of trial appellant informed the court that all things had been done and he was ready for trial. No complaint was made on trial and no affidavit of prejudice was filed, but appellant now says that the trial court was prejudiced because he had previously heard a petition for a writ of habeas corpus which appellant had filed in a former conviction for impersonating a United States Officer.

Appellant's own contentions negative the allegation that he was denied due process.

The judgment of the trial court is affirmed.